**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4876

NEDELJKO BALAC,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4910

RADOVAN DRAC,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-97-257)

Submitted: April 28, 1998

Decided: May 18, 1998

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele S. Nelson, Assistant Federal Public Defender, Greenville, South Carolina; Michael Mackinnon, Greenville, South Carolina, for Appellants. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nedeljko Balac and Radovan Drac appeal from their convictions, pursuant to guilty pleas, of aiding and abetting the use of a counterfeit access device, in violation of 18 U.S.C. §§ 2, 1029(a)(1) (1994). Balac, traveling through three states, purchased over $39,000 worth of merchandise with four fraudulent credit cards; he was joined on two of those days by Drac. Finding no error, we affirm.

Attorneys for the Appellants have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing three issues; neither Balac nor Drac has filed a supplemental brief. First, Appellants question the district court's compliance with Fed. R. Crim. P. 11 in taking their guilty plea. Our review of the Rule 11 colloquy reveals that the district court complied with Rule 11 except in one respect--it neglected to inform the Appellants that they might be required to pay restitution for the offense. We note, however, that the court did tell the Appellants that they could face a fine of up to $250,000. Because this potential fine far exceeded the amount of restitution actually ordered by the district court, we find that the order of restitution was neither a surprise nor unfairly prejudicial to the Appellants. See United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986). Thus, the district court's error in failing to advise the Appellants of the possibility of restitution during the Rule 11 proceeding was harmless. See Fed. R. Crim. P. 11(h).

2

Counsel for Balac next raises as a potential claim that the district court erred in determining the amount of loss, pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(1) (1995), for purposes of ordering restitution. Balac contended at sentencing that the amount of loss reported by the victim, American Express, was either incorrectly reported or incorrectly attributed to him. He argued that, although he had exclusive control over the four counterfeit credit cards that he used in the seven day shopping spree, other unauthorized charges were made or American Express miscalculated the amount actually charged. Balac, however, provided no evidence to support his assertion. The district court determined the amount of loss as $39,106.33, the amount of total loss reported by the credit card company, see 18 U.S.C. § 3663(a)(1)(B)(i)(I) (1994), less $7,093.00, the value of the merchandise seized when the Appellants were arrested. The district court divided the remaining amount, $32,013.33, between Balac and Drac, according to their respective roles in the offense, and ordered Balac to pay $25,116.82. We find that the district court did not clearly err in determining the amount of loss for purposes of ordering restitution. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995); USSG § 2F1.1, comment. (n.3).

Counsel for Balac next raises as a potential claim the district court's denial of Balac's request for a downward departure. The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). Nothing in the sentencing hearing reflects such a mistake on the part of the district court, and accordingly we decline to review the court's decision not to depart from the applicable guideline range.

Pursuant to the requirements of Anders, we have reviewed the record for potential error and have found none. Therefore, we affirm Balac and Drac's convictions and sentences. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the clients request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4