**Leonel BAZAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 3:97–CV–212–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 17, 1998.

Leonel Bazan, pro se.

Karen Eady, AUSA, Charlotte, NC, for defendant.

### *ORDER*

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [document no. 1, filed April 23, 1997].

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 3, 1990, Petitioner was indicted by a federal grand jury in the Western District of North Carolina for conspiring to transport large quantities of marijuana from Texas to Charlotte, North Carolina. A Superseding Bill of Indictment filed on June 7, 1990, named Petitioner as one of twenty-eight codefendants charged with a combination of Conspiracy to Possess with the Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a), 846; Possession with the Intent to Distribute Marijuana and Aiding and Abetting the Same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Smuggling Marijuana into the United States in violation of 18 U.S.C. § 545; and Engaging in a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848. On September 25, 1990, Petitioner pled guilty to Conspiracy to Possess with the Intent to Distribute and Distribution of Marijuana, and the Govern-

ment dismissed sixteen other counts against him pursuant to a written Plea Agreement that was filed on September 11, 1990.

Under the Plea Agreement, the parties agreed that the amount of marijuana known to Petitioner or reasonably foreseeable to Petitioner was between 1,000 and 3,000 kilograms. (Plea Agmt. ¶ 3.) The Government agreed to recommend that this amount be accepted by the Court in determining the base offense level and also agreed to recommend a combined offense level of 30 under the Sentencing Guidelines. (*Id.* ¶¶ 2–3.) In addition, the Government waived the right to argue for role enhancement. (*Id.* ¶ 4.) With regard to the maximum sentence to be imposed, the Government agreed that it would be the lowest point within the applicable Sentencing Guidelines; yet, the parties acknowledged that the Court could reject this agreement and could impose a sentence "greater than the maximum provided for in this Agreement." (*Id.* ¶¶ 4, 11.) The Plea Agreement also contained an integration clause, reciting that the written agreement represents all agreements between the parties. (*Id.* ¶ 13.)

On March 26, 1991, at Petitioner's sentencing hearing, the Government, in accordance with the Plea Agreement, made the above-described recommendations and did not argue for role enhancement. This, however, did not prevent the United States Probation Office from indicating in its Pre–Sentence Report that Petitioner played more than a minimal role in the commission of the conspiracy. Also, when the parties entered the Plea Agreement, they were apparently unaware of—or did not realize the consequences of—a 1978 felony drug conviction of Petitioner, which required a twenty-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

Petitioner now claims that when the Plea Agreement was entered, the Government promised him that he would receive a ten-year sentence. In fact, an offense lev-

el of 30, as the Government recommended under the Plea Agreement, provides a guideline range of 108–135 months. In view of Petitioner's prior felony, however, his guideline range increased to 240 months to life imprisonment. The Government still successfully moved for a downward departure based on Petitioner's assistance to authorities. In the end, the Court sentenced Petitioner to 151 months imprisonment, a ten-year supervised release term, and a $50 special assessment. Petitioner did not file an appeal contesting this sentence.

On April 23, 1997, Petitioner filed a motion under section 2255, in which he claimed that the Government breached the Plea Agreement, thereby resulting in a longer term of imprisonment. The Government responded to Petitioner's section 2255 motion on July 21, 1997. Petitioner filed no reply, but he was notified of his right to do so and also was provided a complete record of the proceedings.

## II. DISCUSSION AND ANALYSIS

■ Judicial interpretation of plea agreements involves the application of basic contract principles. *United States v. Conner,* 930 F.2d 1073, 1076 (4th Cir.), *cert. denied,* 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991). Thus, when a criminal defendant alleges a breach, he has the burden of proving, by a preponderance of the evidence, that the prosecutor failed to satisfy the terms and conditions of the agreement. *Id.* (citing *United States v. Urrego–Linares,* 879 F.2d 1234, 1238 (4th Cir.), *cert. denied,* 493 U.S. 943, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989)). The prosecutor is held only to those promises that it actually made to a defendant. *See United States v. Fentress,* 792 F.2d 461, 464 (4th Cir.1986). Most notably, "plea bargains impose obligations on the prosecution, not the courts." *United States v. Gordon,* 61 F.3d 263, 267 (4th Cir.1995) (quoting *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). This rule does not defeat the effectiveness of the plea bargaining system because courts usually will adopt most or all of the recommendations in a non-binding plea agreement, even though the criminal defendant enjoys no entitlement to the recommendations. *Id.*

■ In his motion to modify his sentence, Petitioner states that he does not wish to withdraw his plea or to have a new trial; he only requests specific performance of the Plea Agreement. (Pet.'s § 2255 Mot. at Attach.) Petitioner claims that the Government breached the Plea Agreement when it allegedly failed to fulfill a promise that Petitioner would be sentenced to a ten-year term of imprisonment. Yet, the Plea Agreement does not explicitly promise that Petitioner will receive a ten-year prison term. The Agreement only refers to "recommendations" that the Government would make to the sentencing judge. (Plea Agmt. ¶ 2–3.) In addition, the Plea Agreement's integration clause states that all agreements, representations, and understandings between the parties have been set forth in that Agreement and no other agreements will be entered unless executed in writing. (*Id.* ¶ 13.) Petitioner has produced no other writings showing that the Government promised him that he would only receive a ten-year term.

Clearly, Petitioner cannot seek specific performance of a term that was never agreed upon in his Plea Agreement. Moreover, even if the Plea Agreement did contain such a promise, the Court, ultimately, could accept or reject it. Not only was this written into the Agreement, (*id.* ¶ 11), Petitioner's counsel reminded the Court of this reality at Petitioner's sentencing hearing. (*See* Sentencing Hrg. Tr. at 25, ll. 21–22 ("[W]e all understand the Court's not bound by any plea agreement.").) The Plea Agreement simply provided that the Government would recommend a sentence for Petitioner in the lowest applicable range and also that the Government would not argue for an enhanced sentence despite Petitioner's sub-

 

stantial role in the crime. (Plea Agmt. ¶¶ 2–5.) Based on the plain language of the Plea Agreement, the Government upheld its end of the bargain. (*See* Sentencing Hrg. Tr. at 20–22, 26–27.)

Petitioner further argues that his ten-year supervised release term exceeded the bounds permitted by statute. To the contrary, the applicable statute provides that a defendant with a prior felony drug conviction shall receive a supervised release term of at least ten years following his imprisonment. 21 U.S.C. 841(b)(1)(A). The Court committed no error in ordering the supervised release.

■ Finally, Petitioner claims that the Government should have been required to file a notice of prior conviction pursuant to 21 U.S.C. § 851(a)(1). As Petitioner seemingly acknowledges, his failure to raise any objection on direct appeal constitutes a procedural default. *United States v. Frady*, 456 U.S. 152, 158–59, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Petitioner attempts to overcome this procedural default by asserting "cause and prejudice." *See id.* This argument is unavailing. First, Petitioner does not assert that the predicate felony conviction was incorrect, and, in fact, he is time barred from contesting the validity of any prior conviction that occurred more than five years prior to any notice of prior conviction. 21 U.S.C. § 851(e). In addition, several months prior to the sentencing hearing, Petitioner and his attorney received a Pre–Sentence Report listing the predicate drug felony and therefore received some form of notice of the cause of his sentence enhancement. The Court finds no cause or prejudice sufficient to justify collateral relief.

**NOW, THEREFORE, IT IS ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [document no. 1] be, and hereby is, **DENIED.**

A separate judgment dismissing this action with prejudice will be filed simultaneously with this Order.

The Clerk is directed to certify copies of this Order to Petitioner and the United States Attorney for the Western District of North Carolina.