**UNITED STATES of America, Appellee,**

v.

**Robert Mark FENTRESS, Appellant.**

**No. 85–5517.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 10, 1986.

Decided June 9, 1986.

---

Gail F. Miller (Greeson & Page, Winston-Salem, N.C., on brief) for appellant.

Kenneth P. Andresen, Chief Asst. U.S. Atty., Charlotte, N.C. (Charles R. Brewer, U.S. Atty., Asheville, N.C., on brief), for appellee.

Before MURNAGHAN and WILKINSON, Circuit Judges, and MERHIGE, United States District Judge for the Eastern District of Virginia, sitting by designation.

WILKINSON, Circuit Judge:

Robert Mark Fentress appeals from judgments of conviction entered by the U.S. District Court for the Western District of North Carolina upon Fentress' guilty pleas. He argues that the prosecution breached a plea agreement by recommending to the court that Fentress be compelled to compensate the victims of his crimes and by further recommending that Fentress' prison sentence begin after he had completed his current period of incarceration for an unrelated felony. Fentress also argues that the district court erred in the process by which it accepted his pleas and ordered him to make restitution. As we find no prosecutorial violation of the agreement and no prejudicial departure from proper plea procedures, we affirm.

I.

On March 4, 1985, Fentress and his lawyer entered into a written plea bargain with an Assistant United States Attorney. In the agreement, Fentress promised to plead guilty to one armed bank robbery in

violation of 18 U.S.C. § 2113(a) in the case docketed as C–CR–84–118, and to one bank robbery in violation of 18 U.S.C. § 2113(b) in the case docketed as C–CR–84–119. Fentress also promised to plead guilty to six other violations of 18 U.S.C. § 2113(b). Conviction under § 2113(a) authorizes a fine not exceeding $5000, a term of imprisonment not exceeding twenty years, or both of these punishments; conviction under § 2113(b) authorizes a fine not exceeding $5000, a term of imprisonment not exceeding ten years, or both of these punishments. For either offense, the court may order the perpetrator to make restitution to the victims of the theft. *See* 18 U.S.C. § 3579.

The prosecution promised in the plea agreement to suggest to the court that any sentence imposed in case C–CR–84–119 "not exceed 5 years imprisonment, thereby recommending that the term of imprisonment for the two counts to which the defendant pleads guilty in indictments C–CR–84–118 and C–CR–84–119 should not exceed 25 years." It was thus expressly contemplated that those two terms would run consecutively. For the other six violations of 18 U.S.C. § 2113(b), the prosecution promised to "recommend that the sentences imposed upon defendant's plea of guilty ... be made to run concurrently with each other and to also run concurrently with any sentence imposed upon defendant's plea of guilty to Indictments in cases numbered C–CR–84–118 and C–CR–84–119." These were the only positions to which the prosecution bound itself on the punishment of Fentress. Nothing was mentioned about the relationship between the proposed sentence here and a twelve-year federal sentence that Fentress was already serving for a bank robbery in Georgia. The agreement specifically provided that "This document contains the full and complete agreement between the parties, and no promises or representations have been made except as are incorporated herein."

The Assistant United States Attorney presented the parties' deal to the district court and introduced testimony showing the factual basis for the guilty pleas, including a report that Fentress had stolen $37,844.61, but the government had recovered only $239.00. Alluding to this evidence in his comments on the appropriate sentence, the prosecutor argued that

> [T]he agreement does not speak to other forms of punishment, in addition to the time limits or time frame that's stated in the agreement. The agreement does not speak to the other forms of punishment that you might impose, such as restitution. Any amount of money this man makes during prison, for example, might be appropriately used to offset the amount of money that he took. The fine itself is about $40,000.00 in this case as it relates to the eight bank robberies, eight times the $5,000.00 for each one. Those are other possibilities, Judge, that I would bring to your attention, as I'm sure you have already considered. We do urge you to run whatever time you impose on [case C–CR–84–119] consecutively to the time that is imposed on [case C–CR–84–118], and we urge the Court to run all this time consecutively to the time that he is facing in Georgia, the twelve years that he faces down there.

The district court subsequently did sentence Fentress in C–CR–84–118 to a twenty-year term of imprisonment that would be followed by a five-year term of imprisonment for the charge in C–CR–84–119. This time would be in addition to that served for the Georgia felony. For each of the other six robberies, the court ordered five-year sentences to be served concurrently with the incarceration under C–CR–84–118 and C–CR–84–119. The court also ordered Fentress to make restitution to each of the robbed banks. Fentress now appeals.

## II.

Fentress first protests that the prosecution breached the plea agreement by asking the district court to order restitution and consecutive sentences. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). Evaluation

of this argument turns on the correct interpretation of the agreement in which the parties defined their commitments. In that analysis, "we must apply fundamental contract and agency principles to plea bargains as the best means to fair enforcement of the parties' agreed obligations." *United States v. McIntosh*, 612 F.2d 835, 837 (4th Cir.1979). Accordingly, "any dispute over the terms of the agreement is to be resolved by objective standards." *United States v. Krasn*, 614 F.2d 1229, 1233 (9th Cir.1980).

■ These standards indicate that the prosecutor's comments did not violate the plea bargain. Everything the government promised to do, it did. The government kept its promises on the proposed length of imprisonment for C–CR–84–119 and on the proposed overlap among the sentences for violation of 18 U.S.C. § 2113(b). The government simply made no other guarantees about its conduct, as Fentress himself acknowledged when he agreed to the "merger" clause of the plea bargain instrument. Perhaps for that reason, Fentress did not object when the Assistant United States Attorney argued for restitution and consecutive sentences or when the district court imposed these penalties. Certainly Fentress has never suggested that the prosecution articulated any further representations. Fundamental contract principles establish that the written plea bargain was "adopted by the parties as a complete and exclusive statement of the terms of the agreement." *Restatement (Second) of Contracts* § 210 (1981). As a fully integrated agreement, the described exchange may not be supplemented with unmentioned terms. *Id.* at § 216. Fentress' newly suggested provision, that the prosecution would offer no recommendations other than those identified in the plea bargain instrument, therefore cannot stand.

■ This conclusion from the law of contracts carries over to the law of criminal procedure. The prosecution owed Fentress no duty but that of fidelity to the agreement. Neither the Constitution nor the Federal Rules of Criminal Procedure requires that a plea agreement must encompass all of the significant actions that either side might take.* If the agreement does not establish a prosecutorial commitment on the full range of possible sanctions, we should recognize the parties' limitation of their assent. *Cf. United States v. Benchimol*, —— U.S. ——, 105 S.Ct. 2103, 2105, 85 L.Ed.2d 462 (1985) ("Since Rule 11(e) speaks generally of the plea bargains that the parties make, it was error for the Court of Appeals to imply as a matter of law a term which the parties themselves did not agree upon."). Courts have regularly upheld analogous prosecutorial measures that were not precluded by agreement. *See, e.g., United States v. Abbamonte*, 759 F.2d 1065 (2d Cir.1985); *Brooks v. United States*, 708 F.2d 1280 (7th Cir. 1983); *United States v. Mooney*, 654 F.2d 482 (7th Cir.1981). While the government must be held to the promises it made, it will not be bound to those it did not make.

---

* *United States v. Runck*, 601 F.2d 968, 970 (8th Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980), does include language suggesting that the possibility of a significant restitution "should have been articulated in the plea bargain or in a proposed amended plea bargain that the accused could accept or reject." That case, however, did not involve a prosecutorial breach but the judicial interpretation of an approved agreement by which the parties had under Fed.R.Crim.P. 11(e)(1)(C) stipulated to the appropriate sentence. The Eighth Circuit held that "restitution is a material condition unlikely to be left to implication." *United States v. Garcia*, 698 F.2d 31, 36 (1st Cir.1983). We agree, and accordingly find here that the parties would not have relied on implication to foreclose restitution. The more reasonable construction is that the parties reached no agreement on the issue.

Subsequent authority indicates that restitution ordered after acceptance of a negotiated plea will be consistent with *United States v. Runck* if the court but not the prosecution has alerted the defendant to the possibility of penalties beyond the bargain. *See United States v. Woods*, 775 F.2d 82, 86–87 (3rd Cir.1985); *United States v. Burruezo*, 704 F.2d 33, 38 (2d Cir.1983). We have similarly held that a district court, after proper warning, may impose substantial criminal fines that are not mentioned in the parties' agreement. *United States v. Ladd*, 704 F.2d 134 (4th Cir.1983).

To do otherwise is to strip the bargaining process itself of meaning and content.

■ As the Supreme Court noted in *Santobello v. New York*, 404 U.S. at 261, 92 S.Ct. at 498, the considerations underlying enforcement of a plea bargain "presuppose fairness in securing agreement between an accused and a prosecutor." Fentress received fair treatment in this case. He was represented by an attorney throughout the negotiations and he has not questioned that the lawyer provided effective assistance within the sense described by *Hill v. Lockhart*, —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Fentress also brought to the plea negotiations, along with counsel, bargaining leverage that was commensurate with that of the prosecution, namely his right to force the prosecution to trial. *See generally Mabry v. Johnson*, 467 U.S. 504, 508 & n. 8, 104 S.Ct. 2543, 2547 & n. 8, 81 L.Ed.2d 437 (1984). Because Fentress' deal was thus "no less voluntary than any other bargained-for exchange," *id.* at 508, 104 S.Ct. at 2547, we abide by the precise terms of the agreement and find that the prosecution made no promises that were violated in the request for restitution and consecutive sentences.

### III.

Fentress' second attack on the validity of his plea concerns the conduct of the court. In *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), the Supreme Court held that a person pleading guilty to criminal charges must have "a full understanding of what the plea connotes and of its consequence." *See also* Fed.R.Crim.P. 11(c)(1). Fentress argues that he did not have this understanding because the court did not instruct him before his plea that he might be ordered to pay restitution and to suffer confinement that would only begin after completion of his present federal prison term for the Georgia bank robbery.

■ Neither aspect of this analysis can succeed. The judge's advisory obligations under Rule 11 run chiefly to those crimes to which the plea is to be entered.

In *United States v. Saldana*, 505 F.2d 628, 629 (5th Cir.1974), the Fifth Circuit considered the appeal of a similarly situated defendant that "he was not told any sentence imposed by the court would be consecutive to the [federal] sentence he was currently serving." The court dismissed the argument as "without merit," holding that Rule 11 "requires the judge to advise the defendant of the maximum sentence possible, but there is no requirement to advise a defendant of every 'but for' consequence which follows from a guilty plea." *Id.* Our decision in *Cobb v. United States*, 583 F.2d 695 (4th Cir.1978), drew on *United States v. Saldana* in reaching the parallel conclusion that the district court need not inform the defendant that a federal sentence may be consecutive to a state sentence. We see no reason to adopt a different position here.

The district court's failure to advise Fentress about restitution is no more significant than the court's failure to advise him about consecutive sentences. The present Fed.R.Crim.P. 11(c)(1), effective August 1, 1985, clearly requires an instruction "when applicable, that the court may also order [the defendant] to make restitution to any victim of the offense." Fentress, who was sentenced on March 18, 1985, argues that the earlier Rule 11(c)(1) already required a similar instruction as part of the court's obligation to describe "the maximum possible penalty provided by law." *Cf. Moore v. United States*, 592 F.2d 753 (4th Cir.1979) (requiring notice of special parole). We need not address Fentress' interpretation of the old rule, however, for the omission of a restitution warning was, if error at all, a variance that did not affect substantial rights and that must be disregarded under Fed.R.Crim.P. 11(h).

■ The point of Fentress' argument and of the new Rule 11(c)(1) is that the defendant should know that serious financial repercussions might follow from a guilty plea; Fentress, for example, now faces a restitution obligation of approximately $38,000. But the district court

clearly informed Fentress that a violation of § 2113(a) and of § 2113(b) carried a maximum fine of $5,000. Thus the restitution sum of $38,000 is *less* than the amount that Fentress might have been ordered to pay if the court had imposed the maximum fine of $5,000 for each of the eight violations of the statute to which Fentress pleaded guilty. Fentress accordingly could not have been surprised or prejudiced by the imposition of a different authorized penalty. The situation resembles that in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), in which the district court explained that the defendant could be sentenced to fifteen years in prison but failed to describe a mandatory special parole term of three years. The Supreme Court unanimously held that the imposition of a different, lesser sentence—a prison term of ten years and a special parole term of five years—rendered the court's omission irrelevant "because respondent had not suffered any prejudice inasmuch as he had received a sentence within the maximum described to him at the time the guilty plea was accepted." *Id.* at 782–83, 99 S.Ct. at 2086–87. For the same reason, we find that this district court sufficiently outlined the consequences of Fentress' guilty plea. Rule 11 contains its own harmless error provision, and this plea presents a fair case for its application.

## IV.

Fentress' final exceptions to the district court's procedure are not supported by the record. The court did collect the information prescribed in 18 U.S.C. § 3580(a) as the predicate for an order of restitution. Pursuant to 18 U.S.C. § 3580(b), the court ordered the probation service to investigate the statutory factors. The court ensured that Fentress and his attorney examined the service's report and asked for any additions or corrections. Fentress offered no further information relevant to restitution, such as an account of the $37,605.61 in robbery proceeds that has not been recovered. He did not object to the order at the hearing or request time to show that he

could not pay, nor has he since offered any such evidence. *See United States v. Ciambrone*, 602 F.Supp. 563 (S.D.N.Y.1984) (defendant bears burden of proving inability to meet restitution obligation).

The judgments are accordingly

AFFIRMED.

