935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Richard RILEY, Defendant-Apppellant.
 No. 90-5236.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1991.
Decided June 26, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-90-127-HM)
 Fred Warren Bennett, Federal Public Defender, Beth M. Farber, Assistant Federal Defender, Baltimore, M., for appellant.
 Breckinridge L. Willcox, United States Attorney, Roann Nichols, Assistant United States Attorney, Baltimore, M., for appellee.
 D.Md.
 AFFIRMED.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Riley appeals the sentence imposed by the district court following his plea of guilty to assaulting members of the crew and passengers of a commercial airliner in violation of 18 U.S.C. Sec. 113(e). He contends that the government breached his plea agreement by recommending a term of community service and by failing to advocate the recommendation contained in the plea agreement to the district court. We affirm his sentence.
 
 
 2
 Riley was on board a Delta Airlines flight from Massachusetts to Florida when the captain of the airplane determined that an unscheduled stop in Baltimore, Maryland, was necessary because of Riley's threatening conduct toward the captain, the flight attendants, and other passengers. Police officers arrested Riley when the plane landed and removed him from the aircraft. Riley was taken to a hospital where he was found to have a very high blood alcohol level.
 
 
 3
 Riley entered into a plea agreement with the government. The agreement provided that Riley would plead guilty to the one count information and in exchange the government promised to recommend at sentencing that he be placed on probation for one year and spend one month confined in a halfway house. The government reserved the right to bring to the court's attention at sentencing all relevant information concerning Riley's background, character and conduct. The court was not bound by the agreement which also included a merger clause.
 
 
 4
 At the sentencing hearing, the Assistant United States Attorney accurately described the plea agreement to the district court and stated that the government stood by the recommendation. Defense counsel then argued for a sentence of the one year probationary term without the month of confinement. Alternatively, counsel asked the court to sentence Riley to the probationary term plus community service work. Counsel revealed that Riley had a negative cash flow which was not reflected by the presentence report. In response, the government stated that community service was a good idea but that it should not be in lieu of confinement. The government also stated that the number of hours of such service should be greater than what defense counsel recommended.
 
 
 5
 Counsel then accused each other of going outside the recommendation of the plea agreement. The district court noted that it did not consider the government's recommendation to be outside the plea agreement. The government explained that its position was that because of the negative cash flow a fine would not be practical and that the community service would, in effect, be a good substitute. The district court sentenced Riley to 3 years probation and 90 days in a community treatment center.
 
 
 6
 Riley first argues that the prosecutor's recommendation on community service breached the plea agreement and he seeks resentencing. See Santobello v. New York, 404 U.S. 257 (1971). In order for the prosecutor to breach the plea agreement in this way the agreement must have included a promise by the government that it would not make such a recommendation. "While the government must be held to the promises it made, it will not be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464 (4th Cir.1986). Riley's plea agreement did not contain a promise by the government regarding community service. Riley may now wish to add such a promise; however, this may not be done to the fully integrated agreement. Id. Moreover, the suggestion for community service came from the defendant, as an alternative to a fine, and the government was not precluded by the plea agreement from addressing the suggestion. Therefore, the government did not breach the agreement by making the recommendation for community service.
 
 
 7
 Riley also contends that the government breached the plea agreement by not strongly advocating for the recommended sentence. He argues that during the sentencing hearing the Assistant United States Attorney showed his dissatisfaction with the agreement which was entered into by another member of his office. A promise by the government to recommend a particular sentence carries with it an obligation to do more than merely recite the recommendation while making statements which undercut it. See United States v. Brown, 500 F.2d 375, 377 (4th Cir.1974). The government must advocate for the sentence. Id.
 
 
 8
 After carefully reviewing the portions of the sentencing hearing objected to by Riley, and indeed the entire sentencing hearing transcript, we cannot agree that the comments show an attempt to undercut the recommended sentence. The Assistant United States Attorney first attempted to balance the serious alcohol problems that Riley was experiencing at the time with the serious nature of the crime he committed. Following defense counsel's argument that Riley should not be sentenced to any confinement, the Assistant was placed in a position of justifying the term of confinement specified in the plea agreement. We find nothing objectionable in the comments and cannot find that they were an attempt to influence the district court to impose a greater sentence in terms of probation or confinement in a halfway house.
 
 
 9
 Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.