19 F.3d 1430
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. BABB, Defendant-Appellant.
 No. 93-5516.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-92-376-6)
 Albert Quitman Taylor, Jr., Taylor & Henry, Greenville, South Carolina, for Appellant.
 J. Preston Strom, Jr., United States Attorney, William G. Yarborough, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Babb appeals from a district court judgment sentencing him to eighty months incarceration for violating 21 U.S.C. Sec. 841(a)(1) (1986). Babb was sentenced after entering into a written plea agreement with the Government which provided that, in exchange for Babb's cooperation with federal law enforcement agents in their investigation of illegal drug activities, the Government would dismiss three additional charges against him. During the plea hearing, the parties informed the district court judge of their additional, oral agreement that Babb's bond would be lowered "in addition to the efforts on the part of the Government here to secure the dismissal of charges in Statesboro, Georgia so a detainer can be removed." The Georgia charges arose out of the same conduct which precipitated the federal charges.
 
 
 2
 Subsequently, the Government unsuccessfully attempted to persuade Georgia officials to dismiss the state charges. Upon learning that the charges were not dropped, Babb refused to cooperate with federal officials, informed them that he was not guilty despite his plea, and filed a motion to withdraw the plea, alleging that the Government breached the agreement by failing to secure the dismissal of the state charges. The district court denied Babb's motion, finding that Babb breached the agreement by failing to cooperate with federal officials, and that Babb could not withdraw his guilty plea under the agreement.
 
 
 3
 Our review of the record leads us to agreement with the district court. Nothing in the plea agreement or the transcript of the plea hearing indicates that the Government was required to be successful in its efforts to have the state charges against Babb dismissed. While Babb contends that he believed that he was not obliged to cooperate until the state charges were dismissed, the terms of the parties' agreement
 
 
 4
 may not be supplemented with "unmentioned terms." See United States v. Fentress, 792 F.2d 461, 464 (4th Cir.1986). Moreover, we agree with the district court that, under the express terms of the agreement, the Government's obligations were all null and void if Babb failed to cooperate "at any stage."
 
 
 5
 The district court therefore properly found no breach on the part of the Government and, accordingly, properly denied Babb's motion to withdraw his guilty plea. The judgment of the district court is therefore affirmed.