70 F.3d 1264
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael C. WELLS, Defendant-Appellant.
 No. 95-6810.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1995.
Decided Dec. 6, 1995.
 
 Cyril Vincent Smith, ZUCKERMAN, SPAEDER, GOLDSTEIN, TAYLOR & BETTER, Baltimore, Maryland, for Appellant. John Alexander Gephart, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.
 Before MURNAGHAN and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant, Michael Wells, appeals from the district court's order denying his 28 U.S.C. Sec. 2255 (1988) motion. Wells contends that the Army's failure to conduct a pre-separation physical before discharging him For the Good of the Service was a violation of his plea agreement. Wells seeks reinstatement into the Army for the purpose of obtaining a physical examination. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm the district court's order.
 
 
 2
 Neither the plea agreement nor the incorporated request for discharge from the service promised Wells that he would be granted a Discharge for the Good of the Service or a medical examination. The Government cannot be held to promises it did not make.[1] Further, Wells did not rely on any promises or representations other than those in the plea agreement. At the FED. R. C RIM. P. 11 colloquy, Wells concurred that all the agreements or promises made to him by the Government were contained in the plea agreement:
 
 
 3
 THE COURT: Okay. Other than the promises that are made by the Government in the plea agreement which will be filed in the Court file, has anyone made any other promises to you to induce you to plead guilty?
 
 
 4
 THE DEFENDANT: No, Your Honor.
 
 
 5
 THE COURT:Have any threats been made or has anything else been said that has convinced you to enter this plea?
 
 
 6
 THE DEFENDANT: No, Your Honor.
 
 
 7
 Wells's statements under oath at the Rule 11 colloquy are presumptively trustworthy and credible affirmations which are binding because Wells made no showing that the statements were false.[2] Additionally, Wells received the benefit of his bargain. Wells agreed to plead guilty to one count of driving while intoxicated, plead nolo contendere to another, and submit a request to be discharged For the Good of the Service, in exchange for the Government dismissing all remaining charges against him and recommending only one year incarceration. Both the Government and Wells performed their obligations under the plea agreement.
 
 
 8
 Accordingly, we affirm the decision of the district court. We deny Appellant's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 United States v. Fentress, 792 F.2d 461, 464 (4th Cir.1986)
 
 
 [2]
 Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)