**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 97-4312

RICHARD E. CANNON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court for the
District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-96-792)

Submitted: October 31, 1997

Decided: November 26, 1997

Before MURNAGHAN, WILKINS, and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard William Paschal, Jr., MILLER & PASCHAL, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard E. Cannon appeals from his conviction, pursuant to a guilty plea, on two counts of uttering and possessing a counterfeit security in violation of 18 U.S.C. § 513 (1994). We affirm.

Cannon's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), discussing two issues; Cannon has not filed a supplemental brief. First, counsel questions the district court's compliance with Fed. R. Crim. P. 11 in taking Cannon's guilty plea. Our review reveals that the district court complied with Rule 11 save in one respect--it neglected to inform Cannon that he might be required to pay restitution for his offense. We note, however, that the court did tell Cannon that he could face a fine of up to $250,000 on each of the two counts of conviction. Because this potential fine far exceeded the amount of restitution actually ordered by the district court, we find that the order of restitution was neither a surprise nor unfairly prejudicial to Cannon. See United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986). Thus, the district court's error in failing to advise Cannon of the possibility of restitution during the Rule 11 proceeding was harmless. See Fed. R. Crim. P. 11(h).

Cannon's attorney next raises as a potential claim that the district court erred in ordering Cannon to pay $250 per month in restitution because it failed to consider the loss of pay he would experience as a result of his incarceration. Because Cannon failed to object during sentencing to the calculation of fines and restitution, he has waived appellate review absent plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995). We find that Cannon fails to meet this standard. Prior to imposing a schedule of payments for Cannon the district court considered the presentence report which explained that Cannon was presently employed and had the potential to earn a substantial salary based upon his training and experience. This report further noted that Cannon had no dependents or liabilities. Accordingly, we find that the imposition of a $250 per month payment to begin following Cannon's supervised release constitutes neither an abuse of discretion nor plain error. We therefore affirm.

Pursuant to the requirements of <u>Anders</u>, this court has reviewed the record for potential error and has found none. Therefore, we affirm Cannon's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3