**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4668

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH LEVIN SEABROOKE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-02-411)

Submitted:  June 9, 2004          Decided:  July 6, 2004

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew D. Grimes, LAW OFFICE OF ANDREW D. GRIMES, Summerville, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Mary Gordon Baker, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Levin Seabrooke appeals his conviction and sentence to 144 months in prison following his guilty plea to using a minor to engage in sexually explicit conduct for production of visual depictions of such conduct in violation of 18 U.S.C. § 2251(a) (2000). Seabrooke's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious legal issues but arguing the district court committed plain error under Fed. R. Crim. P. 11 when it failed to advise Seabrooke of its authority to order restitution. Seabrooke has been informed of his right to file a pro se supplemental brief but has not done so. Because we conclude that any error by the district court did not affect Seabrooke's substantial rights, we affirm.

Since Seabrooke did not object during the district court's plea colloquy or seek to withdraw his plea in the district court, this Court's review is for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002). Consequently, Seabrooke must show: (1) error; (2) that was plain; (3) that affected his substantial rights; and (4) this Court should exercise its discretion to notice the error. See United States v. Olano, 507 U.S. 725, 732 (1993). To establish that his substantial rights were affected, Seabrooke must demonstrate that absent the error, he would not have entered his guilty plea. See United States v.

Martinez, 277 F.3d 517, 532 (4th Cir.), cert. denied, 537 U.S. 899 (2002). We may consider the entire record when determining the effect of any error on Seabrooke's substantial rights. See Vonn, 535 U.S. at 74-75.

Although Seabrooke's plea agreement put him on notice that the district court might order restitution, by requiring his immediate payment of any court-imposed monetary penalties specifically including restitution, the district court did not comply with the requirement of Fed. R. Crim. P. 11(b)(1)(K) that it advise Seabrooke prior to accepting his guilty plea of its authority to order restitution. The district court did, however, advise Seabrooke that he faced a maximum possible fine of $250,000. Moreover, the district court did not order Seabrooke to pay any restitution, fine, or other monetary penalty, other than the one-hundred dollar special assessment. Finally, Seabrooke's guilty plea effected dismissal of two other counts charged in the indictment carrying significant additional penalties. Under these circumstances, we find that Seabrooke has failed to demonstrate his substantial rights were affected by the district court's failure to inform him of its authority to order restitution. See Martinez, 277 F.3d at 532-33; United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.  We therefore affirm Seabrooke's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED