**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4819**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VELARIAN CARTER, a/k/a Larry Carter,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   David A. Faber, Chief District Judge.  (CR-04-217)

---

Submitted:  March 31, 2006            Decided:  April 20, 2006

---

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Matthew M. Robinson, Cincinnati, Ohio, for Appellant. Charles T. Miller, Acting United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Velarian Carter pled guilty pursuant to an oral plea agreement to conspiracy to distribute 500 grams or more of cocaine and possession of marijuana with intent to distribute. Without objection, the district court sentenced Carter to ten years' imprisonment, which the court stated was the agreed upon sentence under the plea agreement. On appeal, Carter contends that the district court misunderstood the plea agreement, which instead capped his sentence at ten years but did not prohibit a lower sentence. In addition, Carter asserts that his sentence under the advisory guidelines scheme of United States v. Booker, 543 U.S. 220 (2005), violated the Ex Post Facto Clause. We affirm.

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001). Because of constitutional and supervisory concerns, the government is held to a greater degree of responsibility for imprecisions or ambiguities in plea agreements. United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986). Where an agreement is ambiguous in its terms, the terms must be construed against the government. Id. at 303. However, "[w]hile the government must be held to promises it made, it will not be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986).

Although the district court stated on more than one occasion that Carter's sentence was "capped" at ten years, Carter unambiguously agreed to a flat, ten-year sentence. The Government informed the court that the agreement was for a ten-year sentence, and Carter did not object. Carter's counsel stated that he advised his client to accept the guaranteed ten-year sentence, because had he gone to trial, he faced a much longer sentence. At sentencing, the Government again referred to the flat, ten-year agreement. Carter's counsel did not argue for a lower sentence but merely requested counseling and a specific placement. In addition, when the court stated that it was bound to impose the ten-year sentence, Carter did not object. The record clearly shows that the parties agreed to a ten-year sentence under Federal Rule of Criminal Procedure 11(c)(1)(C), and Carter's protestations to the contrary are disingenuous.

In addition, Carter's ex post facto argument is foreclosed by the plea agreement. He stipulated to a ten-year sentence, and that is what he received. In fact, he was not sentenced under the Booker remedial advisory scheme. Instead, he was sentenced solely on his agreement. Moreover, even considering his ex post facto argument on the merits, it is unavailing. See United States v. Dupas, 419 F.3d 916, 919-21 (9th Cir. 2005), cert. denied, 126 S. Ct. 1484 (2006); United States v. Jamison, 416 F.3d 538, 539 (7th Cir. 2005); United States v. Scroggins, 411 F.3d 572,

575-76 (5th Cir. 2005); <u>United States v. Duncan</u>, 400 F.3d 1297, 1306-08 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 432 (2005).

Based on the foregoing, we affirm Carter's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>