**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4983**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES H. WILKINS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   James R. Spencer, Chief District Judge.  (3:08-cr-00076-JRS-1)

Submitted:  September 24, 2009         Decided:  October 9, 2009

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant.   Dana J. Boente, United States Attorney, Gurney W. Grant, II, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James H. Wilkins pled guilty, pursuant to a plea agreement, to two counts of bank fraud, in violation of 18 U.S.C. § 1344 (2006), and possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). He received a sentence of 108 months' imprisonment and filed a timely appeal.

The Government filed a motion to dismiss, contending that Wilkins's appeal is barred by the waiver contained in his plea agreement. In response, Wilkins filed a motion to compel, asserting that the Government breached the plea agreement "by pursuing the obstruction enhancement without sufficient evidence and advocating for the loss of acceptance of responsibility points." We deferred action on the Government's motion pending the submission of Appellant's brief.

In his brief, Wilkins contends that the district court erred in enhancing his offense level for obstruction of justice, failing to reduce his offense level for acceptance of responsibility, and failing to require the Government to move for an additional reduction for acceptance of responsibility. The Government's brief reasserts its argument that Wilkins waived his right to appeal; asserts that the district court correctly increased Wilkins's offense level for obstruction of justice, precluding any offense level reduction for acceptance of responsibility; and contends that it did not breach the plea

2

agreement in failing to move for an additional reduction for acceptance of responsibility. Because the primary issues raised in Wilkins's appeal are barred by the appellate waiver in his plea agreement, we dismiss the appeal as to those issues. To the extent Wilkins raises a claim not encompassed within the scope of the appellate waiver, we affirm.

Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forego the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, "we will not enforce an otherwise valid appeal waiver against a defendant if the government breached the plea agreement

containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006).

After reviewing the record, we find the district court fully questioned Wilkins regarding his intent to waive his right to appeal, and Wilkins does not suggest otherwise. Therefore, Wilkins's waiver is both valid and enforceable. Additionally, it is immediately apparent that two of the issues raised by Wilkins on appeal – whether the district court erred in enhancing the offense level for obstruction of justice and by failing to reduce the offense level for acceptance of responsibility — are within the scope of the appeal waiver. In Wilkins's plea agreement, he explicitly waived "the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined)." As both these issues concern "the manner in which [his] sentence was determined," it is clear that, unless the Government breached its plea agreement, these issues are barred by Wilkins's appeal waiver.

When a claim of breach of a plea agreement has been preserved, we review the district court's factual findings for clear error and its "application of principles of contract interpretation de novo." United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001). However, because Wilkins did not claim in the district court that the Government had breached the plea

agreement, our review is for plain error.  Puckett v. United States, 129 S. Ct. 1423, 1428 (2009).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain.  Bowe, 257 F.3d at 345.  The Government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled. Santobello v. New York, 404 U.S. 257, 262 (1971).  Because of constitutional and supervisory concerns, the Government is held to a greater degree of responsibility for imprecision or ambiguities in plea agreements.  United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986).  Where an agreement is ambiguous in its terms, the terms must be construed against the Government.  Id. at 300, 303.  However, "[w]hile the [G]overnment must be held to the promises it made, it will not be bound to those it did not make."  United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986).

Wilkins asserts that the Government breached the plea agreement by "pursuing the obstruction enhancement without sufficient evidence" and "advocating for the loss of acceptance of responsibility points."  Wilkins's assertions are unsupported by the record.  The Government filed a lengthy chronology of Wilkins's statements to investigators, replete with instances in which Wilkins purposefully misled FBI agents regarding the whereabouts of various assets.  The chronology compared

statements made by Wilkins to investigators to those he made in letters to a friend, instructing the friend to sell several assets in order to prevent their seizure. This chronology was incorporated by the probation officer into the presentence report. Moreover, the plea agreement contained no agreement by the Government to refrain from seeking an obstruction enhancement.

Similarly, contrary to Wilkins's assertions, the Government's agreement to move for an additional one-level acceptance of responsibility reduction was dependent on his qualifying for the two-level decrease of U.S. Sentencing Guidelines Manual § 3E1.1(a) (May 1, 2008). Because the district judge determined at sentencing that Wilkins did not qualify for the two-level reduction because of his obstruction of justice, the Government was not obligated to move for an additional one-level decrease, and it did not breach the plea agreement by failing to do so.

As the Government did not breach its plea agreement with Wilkins, the issues of whether the district court erred in denying Wilkins a two-point reduction for acceptance of responsibility and increasing his offense level for obstruction of justice are barred by the appeal waiver contained in his plea agreement. Finally, it is unclear whether Wilkins intended to raise the Government's alleged breach of the plea agreement as a

6

separate issue or merely a method by which to avoid enforcement of the plea agreement.  To the extent that Wilkins raises this as a separate issue, we find that it is without merit, for the reasons stated above.  Accordingly, we grant the Government's motion to dismiss in part and affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

7