**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 10-7223**

————————

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

MICHAEL F. MATTHEWS,

                  Defendant – Appellant.

————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:07-cr-00226-REP-1)

————————

Submitted: November 10, 2010     Decided: December 10, 2010

————————

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Michael F. Matthews, Appellant Pro Se.  Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Matthews appeals the district court's denial of his motion to compel specific performance and motion for reconsideration. Finding no reversible error, we affirm.

Matthews pled guilty to conspiracy to distribute more than fifty grams of cocaine base and was sentenced to 480 months' imprisonment. The Government filed a motion for a reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b) ("Rule 35"), which the district court granted, reducing Matthews's sentence to 300 months' imprisonment. Matthews filed a Motion to Compel Specific Performance, asking the court to compel the Government to consider additional instances of Matthews's substantial assistance. The district court denied the motion as moot. Matthews then filed a Motion for Reconsideration, arguing that his original motion was not moot because it outlined different facts than the Government's Rule 35 motion. The district court denied the motion on the ground that Matthews lacked standing to seek a reduction in sentence under Rule 35.

On appeal, Matthews argues that the district court erred when it declined to compel the Government to consider additional instances of cooperation that it did not include in its original Rule 35 motion. We review a district court's denial of a motion to compel under an abuse of discretion

2

standard.  Wells v. Liddy, 186 F.3d 505, 518 n.12 (4th Cir. 1999).  Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain.  United States v. Bowe, 257 F.3d 336, 345 (4th Cir. 2001).  Because of constitutional and supervisory concerns, the Government is held to a greater degree of responsibility for imprecision or ambiguities in plea agreements.  United States v. Harvey, 791 F.2d 294, 300-01 (4th Cir. 1986).  Where an agreement is ambiguous in its terms, the terms must be construed against the Government.  Id. at 300, 303.  However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make."  United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir. 1986).

Here, the Government was under no enforceable obligation pursuant to the plea agreement.  The agreement merely states that the Government "reserves the right to seek . . . any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate."  Thus, the decision of what constituted substantial assistance for purposes of the Rule 35 motion fell squarely within the Government's discretion.

Accordingly, we hold that the district court did not abuse its discretion in denying Matthews's motions.[*] We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] See MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 532, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

4