**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5079**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MICHAEL EUGENE THRASH, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:09-cr-00003-H-1)

Submitted:  January 20, 2011         Decided:  February 16, 2011

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Pittsburgh, Pennsylvania, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Joshua B. Royster, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Eugene Thrash, Jr., appeals his conviction and 210-month sentence imposed following his guilty plea to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and more than 500 grams of cocaine powder, in violation of 21 U.S.C. § 846 (2006). On appeal, Thrash contends the Government breached the plea agreement by withdrawing its motion for a reduction of sentence, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1, p.s. (2008). Thrash also contends that the terms of his plea agreement were breached when the district court declined to apply a reduction for acceptance of responsibility, pursuant to USSG § 3E1.1. The Government denies that it has breached the plea agreement and contends that the acceptance of responsibility claim is barred by Thrash's waiver of his right to appeal. We affirm.

This court "will not enforce an otherwise valid appeal waiver against a defendant if the [G]overnment breached the plea agreement containing that waiver." United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006). "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Because Thrash did not raise this issue in the district

2

court, it is reviewed for plain error.  See Puckett v. United States, 129 S. Ct. 1423, 1428 (2009).  To prevail under this standard, Thrash must show not only that the Government plainly breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (internal quotation marks and alteration omitted); see United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain.  United States v. Chase, 466 F.3d 310, 314 (4th Cir. 2006).  The Government breaches the plea agreement when a promise it made to induce the plea goes unfulfilled.  See Santobello v. New York, 404 U.S. 257, 262 (1971).  Because of "constitutional and supervisory concerns," the Government is held to a "greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements."  United States v. Harvey, 791 F.2d 294, 300 (4th Cir. 1986).  Where an agreement is ambiguous in its terms, the terms must be construed against the Government.  Id. at 303.  However, "[w]hile the [G]overnment must be held to the promises it made, it will not

3

be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986).

After reviewing the record, we find that the Government's declination to move for a reduction in sentence was not in breach of the plea agreement. Moreover, the plea agreement merely recommended that the district court apply a reduction for acceptance of responsibility, pursuant to USSG § 3E1.1, and this recommendation was not binding on the court. To the extent that Thrash seeks to argue that the district court erred in refusing a sentence reduction for acceptance of responsibility, USSG § 3E1.1, this claim is barred by Thrash's unchallenged appellate waiver.

Accordingly, we affirm Thrash's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4