**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4542**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

PEDRO DURAN-SANTIBANEZ,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    James C. Dever III,
District Judge. (7:10-cr-00083-D-1)

Submitted:  January 26, 2012      Decided:  February 10, 2012

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North
Carolina, for Appellant.    Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Duran-Santibanez appeals the sixty-month sentence imposed following his guilty plea to illegal reentry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, Duran-Santibanez argues that he is entitled to resentencing because the Government breached his plea agreement by failing to inform the sentencing court of the full extent of his cooperation with authorities. We affirm.

Because Duran-Santibanez failed to raise this issue before the district court, we review for plain error. Puckett v. United States, 129 S. Ct. 1423, 1428 (2009). To prevail on his claim under this standard, Duran-Santibanez must demonstrate "that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). He must also establish that the error "was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks and alteration omitted).

Review of a plea agreement is grounded in contract law, and both "parties . . . should receive the benefit of their bargain." United States v. Chase, 466 F.3d 310, 314 (4th Cir.

2

2006).  The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled.  See Santobello v. New York, 404 U.S. 257, 262 (1971).  However, the government is held only to those promises it actually made.  United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986).

To demonstrate that an error affected his substantial rights, a defendant must demonstrate that "the error affected the outcome of the district court proceedings."  United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (internal quotation marks omitted).  In this context, Duran-Santibanez must establish "a nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the [breach]."  Id. at 180.

Here, Duran-Santibanez alleges, and the Government does not contest, that he was interviewed twice by Government officials.  The Government made no statements at sentencing regarding Duran-Santibanez's assistance or lack thereof, although the plea agreement clearly requires the Government to inform the court of the full extent of his cooperation. However, even assuming that the Government breached its obligation under the plea agreement by failing to advise the court regarding the interviews, and further assuming that such a breach was plain, we conclude that no relief is warranted.  On appeal, Duran-Santibanez fails to provide any information

3

regarding the nature or substance of his interviews. Nor does he demonstrate in any way that the Government withheld positive information or that the outcome of his sentencing might have been different but for the Government's silence. We note, too, that at sentencing, while Duran-Santibanez argued for a downward variance, he did not seek a downward departure based upon a claim that he had cooperated with the Government. Indeed, he did not even inform the district court that he had been interviewed on two occasions. These observations support our conclusion that the mere fact that the interviews occurred simply was not meaningful sentencing information. We therefore conclude that Duran-Santibanez has failed to demonstrate any plain error affected his substantial rights.

Accordingly, we affirm Duran-Santibanez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4