**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4539**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

DESMOND FLETCHER,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:11-cr-00429-RWT-1)

Submitted:  July 29, 2014          Decided:  September 4, 2014

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Francis A. Pommett, III, NATHANSON & POMMETT, P.C., Baltimore,
Maryland, for Appellant. Rod J. Rosenstein, United States
Attorney, Deborah A. Johnston, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Fletcher appeals from his conviction and 72-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, Fletcher raises two claims: (1) whether the Government breached his plea agreement by de facto arguing for an upward departure and (2) whether his sentence was reasonable. In response, the Government has filed a motion to dismiss based upon Fletcher's waiver of his right to appeal in his plea agreement. By previous order, we denied the motion to dismiss Fletcher's claim that the Government breached the plea agreement, finding that such a claim was not barred by Fletcher's waiver. As to Fletcher's sentencing claims, we deferred action on the motion to dismiss until the merits of the breach claim had been decided. Briefing is now complete, and we grant the remaining portion of the motion to dismiss, dismiss the appeal of Fletcher's sentence, and affirm Fletcher's conviction.

Because Fletcher did not argue in district court that the Government breached its obligations under the plea agreement, this claim is reviewed for plain error. "To establish plain error, [Fletcher] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Fletcher satisfies these

2

requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain. United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). The Government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled. See Santobello v. New York, 404 U.S. 257, 262 (1971). Because of "constitutional and supervisory concerns," the Government is held to a greater degree of responsibility than the defendant for imprecision or ambiguities in plea agreements. United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992). Where an agreement is ambiguous in its terms, the terms must be construed against the Government. United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986). However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986).

Fletcher admits that the Government recommended a sentence within the calculated Guidelines as promised in the plea agreement. However, Fletcher argues that the Government's extensive argument on the 18 U.S.C. § 3553 (2012) factors,

3

including details of Fletcher's criminal history and the search warrant application, amounted to mere "lip service to its obligation" to recommend a sentence within the Guidelines range. These arguments, according to Fletcher, constituted an implicit request for an upward departure and a breach of the plea agreement. The court, faced with a Guidelines range of 46-57 months, imposed a variant sentence of 72 months in prison.

Even assuming that the Government's conduct constituted a breach of the plea agreement, Fletcher cannot show either that any breach affected his substantial rights or that we should exercise our discretion to correct any error. In sentencing Fletcher, the district court appeared to rely most heavily on the circumstances of Fletcher's crime and his criminal background, details of which were in the presentence report and not objected to by Fletcher. Fletcher thus cannot show that, absent the Government's argument, the district court would have imposed a lower sentence. Moreover, even if this showing were possible, Fletcher was sentenced within a Guidelines range clearly anticipated by his plea agreement. Therefore, we conclude that any error does not seriously call

into question the fairness or integrity of judicial proceedings.[1] See Muhammad, 478 F.3d at 249.

Having determined that any breach of the plea agreement did not constitute reversible error, we consider the application of the appeal waiver therein. We review the validity of an appeal waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Generally, we will enforce an appellate waiver contained in a plea agreement "if the waiver is valid and the issue sought to be appealed falls within the scope of the waiver." United States v. Cohen, 459 F.3d 490, 494 (4th Cir. 2006). Fletcher does not dispute that he knowingly and voluntarily waived his appellate rights regarding his sentence. However, he questions whether the plea agreement (and particularly the wording of the waiver) was valid, given that

---

[1] Fletcher makes certain additional related, and meritless, claims. First, he asserts that the Government's invitation for the district court to consider facts in the search warrant application that Fletcher did not admit violated Apprendi v. New Jersey, 530 U.S. 466 (2000). However, Apprendi is entirely inapplicable to sentencing and Guidelines rulings, absent some allegation (absent here) that Fletcher was sentenced above the maximum statutorily available sentence for the crime to which he pled guilty. See United States v. Promise, 255 F.3d 150, 157 n.5 (4th Cir. 2001). Fletcher also argues that permitting the Government to use the search warrant application against him at sentencing violated his substantial rights because he gave up his right to challenge the legality of the search warrant pursuant to the plea agreement. This argument is similarly without merit, as the plea agreement made no mention of the search warrant or the information therein. Moreover, the court stated that it did not rely on the search warrant application.

there was a mutual mistake in predicting the base offense level, and whether the issues sought to be appealed fall within the scope of the waiver.

Fletcher argues that his challenges to the reasonableness of his sentence either fall outside the scope of the waiver or rendered his waiver involuntary because there was a mutual mistake and ineffective assistance in the negotiation of the plea agreement. According to Fletcher, had the parties correctly predicted the Guidelines range, he would have been permitted to appeal from his current sentence, as it exceeded the Guidelines range.[2] We find that Fletcher's claim is without merit. While the parties were mistaken in their calculation of the potential Guidelines range, Fletcher agreed that the court was not bound by any stipulations in the plea agreement and explicitly waived his right to appeal "any issues that relate to the establishment of the advisory guidelines range," as well as "the calculation of any term of imprisonment." "A mutual mistake concerning the proper Guidelines range is an

---

[2] In the plea agreement, the Government predicted that Fletcher's adjusted offense level would be 25, resulting in a Guidelines range of 70-87 months, and Fletcher agreed to waive an appeal of any sentence that did not exceed that Guidelines range. However, due to a legal issue not foreseen by the parties, Fletcher's actual adjusted offense level was 21, resulting in a Guidelines range of 46-57 months. Thus, while his sentence exceeded his Guidelines range, it did not exceed 87 months.

insufficient basis to void a plea agreement." United States v. Riggi, 649 F.3d 143, 149 (2d Cir. 2011) (upholding appeal waiver based on incorrect assumptions regarding the Guidelines calculations); see also United States v. Garland, 122 F.2d 118, 122 (4th Cir. 1941) (holding that mutual mistake in a prophecy or opinion is not grounds for recession of a contract).

As Fletcher waived his right to appeal from any sentencing issues so long as his sentence did not exceed the Guidelines range calculated with an adjusted offense level of 25 (and it indisputably did not), his claim that his sentence was unreasonable falls strictly within the scope of the waiver. Thus, we grant the Government's motion to dismiss Fletcher's sentencing claims. We affirm Fletcher's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
