**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4577

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID HARLEY HAYWARD,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:04-cr-00723-TLW)

Submitted: July 20, 2006                    Decided: July 24, 2006

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Jonathan Scott Gasser, Assistant United States Attorney, Columbia, South Carolina; Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Harley Hayward appeals his guilty-plea conviction and thirty-eight month sentence for unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Hayward's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating he finds no meritorious grounds for appeal, but raising two potential issues. Hayward declined to filed a pro se supplemental brief. Additionally, the Government also declined to file a brief. Finding no reversible error, we affirm.

In the Anders brief, Hayward contends that the district court violated Fed. R. Crim. P. 11. by failing to advise him of the court's obligation to impose a $100 special assessment and of the potential for perjury charges should he testify falsely during the guilty plea proceedings. This Court generally reviews the adequacy of a guilty plea proceeding de novo. See United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999). Rule 11 violations, however, are reviewed under a harmless error standard. See id. Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). Where a defendant fails to move to withdraw his guilty plea, but instead raises the issue for the first time on appeal, it is his burden to show: (1) error; (2) that was plain; (3) the

error affected his substantial rights; and (4) the Court should exercise its discretion to notice the error. See United States v. Martinez, 277 F.3d 517, 529, 532 (4th Cir. 2002). To establish his substantial rights were affected, a defendant must demonstrate that absent the error, he would not have entered his guilty plea. Id. at 532. This Court may consider the entire record when determining the effect of any error on Hayward's substantial rights. See United States v. Vonn, 535 U.S. 55, 74-75 (2002). After careful review of the record, we conclude that any error by the district court did not affect Hayward's substantial rights. See Martinez, 277 F.3d at 532; United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986) (finding that district court's failure to inform defendant of its authority to order restitution was harmless error where court had informed defendant that he faced maximum fine in excess of restitution eventually ordered); United States v. Graves, 98 F.3d 258, 259 (7th Cir. 1996) (finding harmless error where there is "no current or prospective prosecution of [defendant] for perjury" ) (alteration added).

Hayward also contends the sentence imposed by the district court was unreasonable. After the Supreme Court's decision in United States v. Booker, 542 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-

Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this Court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Hayward's 38-month sentence was not only within the advisory guideline range, but also well below the statutory maximum of ten years. See 18 U.S.C. §§ 922(g), 924(a). Accordingly, we find the sentence imposed was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hayward's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -