**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4350**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELLIOTT ALEXANDER LUTZ,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cr-473-TLW)

———————————

Submitted:  September 22, 2006        Decided:  October 30, 2006

———————————

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  William Earl Day, II,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Elliott Alexander Lutz appeals his conviction and sixty-five-month sentence imposed after he pled guilty to possessing a computer and other materials containing child pornography that had been shipped or mailed in interstate commerce, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West 2000 & Supp. 2006). Lutz's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the plea colloquy and the reasonableness of Lutz's sentence but stating that, in his view, there are no meritorious issues for appeal. Lutz was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Counsel questions whether the district court complied with Fed. R. Crim. P. 11 in accepting Lutz's guilty plea. Because Lutz did not move to withdraw his guilty plea in the district court, we review his challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Although the district court did not inform Lutz of its obligation to impose a $100 special assessment or that the court could impose restitution, we find that Lutz's substantial rights were not affected by these omissions. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty);

cf. <u>United States v. Fentress</u>, 792 F.2d 461, 465-66 (4th Cir. 1986) (finding that district court's failure to inform defendant of its authority to order restitution was harmless error where court had informed defendant that he faced maximum fine in excess of restitution eventually ordered). We have carefully reviewed the transcript of the Rule 11 hearing and conclude that the district court did not err in accepting Lutz's guilty plea.

Counsel also questions whether the sixty-five-month sentence imposed by the district court is reasonable. In sentencing Lutz, the court considered the properly calculated advisory sentencing guidelines range and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). The sentence imposed is within the guidelines range and well below the ten-year statutory maximum set forth in § 2252A(b)(2). Under these circumstances, we find that Lutz's sentence is reasonable. <u>See</u> <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006) ("[A] sentence within the proper advisory Guidelines range is presumptively reasonable.").

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Lutz's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but

counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED