**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4804**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DARRELL EUGENE BANKS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00052-MR-1)

Submitted: July 19, 2011        Decided: August 9, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Y. Sipe, GOODMAN, ALLEN, & FILETTI, PLLC, Charlottesville, Virginia, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Eugene Banks appeals his conviction and 108-month sentence for three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2006) and one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5845 (2006). For the reasons that follow, we affirm.

Banks, who was suspected of robbing a bank in North Carolina in 2008, was indicted on three charges related to that bank robbery, in addition to the aforementioned firearms charges. He agreed to plead guilty to the firearms charges in exchange for the Government's agreement to move to dismiss the bank robbery charges. His plea agreement contained a stipulation as to the offense level that Banks would receive for the purposes of sentencing. The plea agreement set forth a base offense level of twenty pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(B) (2009); a two-level enhancement pursuant to USSG § 2K2.1(b)(1)(A) because Banks possessed six firearms; and a four-level enhancement pursuant to USSG § 2K2.1(b)(6) because Banks possessed a firearm in connection with another felony offense, i.e., the bank robbery. The resulting offense level stipulated to by the parties was therefore twenty-six. Although submitting to the § 2K2.1(b)(6) enhancement, Banks

2

chose to remain silent as to his alleged involvement in the bank robbery.

The plea agreement further stated that Banks understood that the district court had not yet determined his sentence, and that any estimate from any source, including his defense attorney, was a prediction rather than a promise, and that the district court retained the discretion to impose a sentence up to the statutory maximum. The agreement also provides that the Government "will inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed[.]" Finally, the parties agreed that an appropriate sentence would be one at the top of Banks's advisory Guidelines range.

A magistrate judge conducted a colloquy pursuant to Fed. R. Crim. P. 11, and concluded that Banks's plea was knowing, voluntary, and supported by an adequate factual basis. Prior to sentencing, the Probation Office issued a presentence investigation report ("PSR"). The PSR calculated Banks's adjusted offense level at twenty-nine by noting that because Banks was subject to the § 2K2.1 enhancement for use or possession of a firearm in connection with a bank robbery, the cross-reference found at § 2K2.1(c)(1) would apply. Because Banks's offense level for the bank robbery was greater than the

offense level found in Chapter 2 of the Guidelines, the greater offense level (twenty-nine) applied pursuant to USSG § 2X1.1.

Banks objected on the ground that the plea agreement contained a stipulation to a lower offense level. The Government, conceding that it erred in calculating the estimated offense level in the plea agreement, stated that it stood by the recommendation made in the agreement.

At sentencing, the district court, over Banks's objection, asked the Government to proffer evidence supporting the § 2K2.1(b)(6) enhancement. The court found as a matter of law that the cross-reference applied, and calculated Banks's offense level accordingly. After applying enhancements for obstruction of justice and adjustments for acceptance of responsibility, Banks's resulting total offense level was twenty-eight. With a criminal history category of II, his advisory Guidelines range was 87 to 108 months. The district court imposed a 108-month sentence and this timely appeal followed.

On appeal, Banks raises two claims of error: that trial counsel was ineffective for failing to advise Banks of the possibility that he would be subject to the cross-reference; and that the Government breached the plea agreement.

I.    Ineffective Assistance of Counsel

Banks first argues that his trial counsel did not appropriately consider the possibility of a § 2K2.1(c)(1) cross-reference and that had he known of the possibility that he would be sentenced under that cross-reference he would not have pled guilty.   Thus, he argues, counsel provided ineffective assistance.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).   Rather, to allow for adequate development of the record, a defendant generally must bring his claims in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion.  Id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994). However, ineffective assistance claims are cognizable on direct appeal if the record conclusively establishes ineffective assistance.   United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); King, 119 F.3d at 295.

Here, the record does not conclusively establish ineffective assistance of counsel.  Banks's claim that he would have pled not guilty is belied by the record.  At the start of his sentencing hearing, after the PSR issued recommending imposition of the cross-reference, Banks confirmed to the

district court that he still wished to plead guilty.  Thus, this claim is not cognizable on direct review.

## II.  Breach of Plea Agreement

Although Banks argued at sentencing that the Government breached the plea agreement, he advances a new theory in support of that claim on appeal.  Accordingly, our review is for plain error.  "To establish plain error, [Banks] must show that an error occurred, that the error was plain, and that the error affected his substantial rights."  United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007).  Even if Banks satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise  .  .  .  unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id.  (internal quotation marks and citation omitted).

Plea agreements are grounded in contract law, and both parties should receive the benefit of their bargain.  United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009).  The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled.  See Santobello v. New York, 404 U.S. 257, 262 (1971).  Because of "constitutional and supervisory concerns," the government is held to a greater

6

degree of responsibility than the defendant for imprecision or ambiguities in plea agreements. United States v. Garcia, 956 F.2d 41, 44 (4th Cir. 1992). Where an agreement is ambiguous in its terms, the terms must be construed against the government. United States v. Harvey, 791 F.2d 294, 303 (4th Cir. 1986). However, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." United States v. Fentress, 792 F.2d 461, 464 (4th Cir. 1986).

We conclude that the Government did not breach the plea agreement. In the agreement, the Government stated that it "will inform the court and the probation office of all facts pertinent to the sentencing process, including all information concerning the offenses committed[.]" Moreover, throughout the proceedings, the attorney for the Government repeatedly stated that it stood by the recommendations made in the plea agreement concerning Banks's advisory Guidelines range and offense level.

Finally, and perhaps most importantly, Banks stipulated that he would be subject to the § 2K2.1(b)(6) enhancement for using a firearm in conjunction with another felony, i.e., the bank robbery. Although he continued to remain silent with respect to the bank robbery charges, he nevertheless agreed to submit to a sentencing enhancement pertaining to those charges. The Government introduced evidence at sentencing supporting imposition of that enhancement, as agreed upon by the

7

parties. The fact that the evidence also, as a matter of law, supported application of the cross-reference is of no moment. While it is regrettable that the parties mutually miscalculated the Guidelines in drafting the plea agreement, the Government continued to stand by the recommendation the agreement bound it to make. On these facts, we conclude that the Government was not in breach.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED