**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4123**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MORRIS EDWARD BRIDGERS, a/k/a Muzak,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:13-cr-00183-BO-3)

Submitted: January 29, 2015       Decided: February 23, 2015

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Jenna Turner Blue, BLUE STEPHENS & FELLERS LLP, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Morris Edward Bridgers appeals his conviction and 200-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2012). On appeal, Bridgers challenges the adequacy of the district court's Fed. R. Crim. P. 11 hearing and argues that the district court's explanation of its sentence was insufficient.[*] The Government contends that the district court's errors during the plea colloquy were harmless and that Bridgers waived his right to appeal his sentence. We affirm Bridgers' conviction and dismiss the appeal of his sentence.

Bridgers first challenges the district court's Rule 11 colloquy. Prior to accepting a guilty plea, the trial court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1);

---

[*] Bridgers' counsel originally filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). However, after our independent review of the record, we ordered counsel to file a merits brief.

2

United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116. Because Bridgers did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). In the guilty plea context, a defendant demonstrates plain error by "show[ing] a reasonable probability that, but for the error, he would not have entered the plea." United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court's omissions did not affect Bridgers' substantial rights. Some of the omitted information was contained in the written plea agreement, which Bridgers signed. Next, we conclude that the district court's failure to advise Bridgers of its obligations to order restitution and any applicable forfeitures were harmless because neither were ordered in this case and Bridgers was informed he faced a maximum fine of $10,000,000. Cf. United States v. Fentress, 792 F.2d 461, 465-66 (4th Cir. 1986) (finding that district court's failure to inform defendant of authority to order restitution was harmless where court informed defendant he

3

faced maximum fine in excess of restitution eventually ordered).

Finally, the court's failure to explain the nature of supervised release was harmless because the term of incarceration and supervised release that Bridgers actually received were less than his potential maximum. See United States v. Good, 25 F.3d 218, 220 (4th Cir. 1994) ("[F]ailure to discuss the nature of supervised release is harmless error if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term he was told he could receive."). We therefore affirm the judgment with respect to Bridgers' conviction.

Bridgers also argues that the district court failed to adequately explain its chosen sentence. The Government responds that Bridgers waived his right to appeal his sentence. When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we enforce the waiver if it was knowing and intelligent and the issues raised on appeal fall within its scope. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We review the validity of an appellate waiver de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010).

To determine whether an appeal waiver is knowingly and intelligently entered, we examine the totality of the circumstances, including the defendant's experience, conduct,

4

educational background, and familiarity with the agreement's terms. General, 278 F.3d at 400. Other factors to be considered are whether the waiver language in the plea agreement was "unambiguous" and "plainly embodied," and whether the district court fully questioned the defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id. at 400-401; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We conclude that Bridgers' waiver was knowing and voluntary. Although the district court did not specifically question Bridgers as to whether he specifically understood the appellate waiver provision of the agreement, the court did specifically discuss the waiver when describing the terms of the agreement, and Bridgers affirmed that he had agreed to the terms described by the court. Bridgers also confirmed that he was thirty years old, had a ninth-grade education, could read and understand English, and that he had had sufficient opportunity to consult with his attorney. Moreover, the language of the plea waiver is clear and unambiguous, waiving Bridgers' right to appeal whatever sentence was imposed, excluding only a sentence in excess of the advisory Guidelines range determined at sentencing. Because Bridgers' sentence is below that range, the

5

issue he seeks to appeal falls directly within the scope of his waiver. We therefore dismiss the appeal of his sentence.

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

6